UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

MIGUEL MUNIZ

      Plaintiff,

vs.

FORNOS CORP, a Florida Profit Corporation
d/b/a EL GALLEGAZO RESTAURANT,
2367 UNIVERSAL INVESTMENTS, INC, a
Florida Profit Corporation and
MARTA YEE, Individually

      Defendant(s).
_____/

## COMPLAINT

Plaintiff MIGUEL MUNIZ (hereinafter "Plaintiff") by and through his undersigned attorney, hereby sues Defendants FORNOS CORP, d/b/a EL GALLEGAZO RESTAURANT, a Florida for Profit Corporation (hereinafter "FORNOS CORP"), 2367 UNIVERSAL INVESTMENTS, INC, a Florida Profit Corporation (hereinafter "2367 UNIVERSAL INVESTMENTS), and MARTA YEE, individually (hereinafter "YEE") (collectively "Defendants") and states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages and other relief for unpaid overtime committed by Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper for the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendants, which at all material times conducted, and continues to conduct, business in the Southern District of Florida, and because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida and because Defendants are subject to personal jurisdiction there.

4. Plaintiff at all times pertinent to this complaint resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

## PARTIES

5. During all times relevant to this Complaint, Plaintiff was employed by Defendants as a chef. Specifically, Plaintiff performed work for Defendants from on or about October 1, 2021, until on or about July 26, 2022. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

6. FORNOS CORP is a Florida profit corporation organized and existing under and by virtue of the laws of Florida and was registered to do business within Florida. FORNOS CORP has its principal place of business in Miami, Florida. FORNOS CORP had, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7. FORNOS CORP is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8. At all times material to this Complaint, FORNOS CORP has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or material that have

been moved in or produced for commerce such as unloading merchandise, cooking food, ordering and buying ingredients, and serving the customers.

9. 2367 UNIVERSAL INVESTMENTS is a Florida for profit corporation organized and existing under and by virtue of the laws of Florida and was registered to do business within Florida. 2367 UNIVERSAL INVESTMENTS has its principal place of business in Miami, Florida. 2367 UNIVERSAL INVESTMENTS had, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

10. 2367 UNIVERSAL INVESTMENTS is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

11. At all times material to this Complaint, Defendants 2367 UNIVERSAL INVESTMENTS and FORNOS CORP were joint "employers" of Plaintiff as that term is defined under 29 U.S.C. § 203(d) in that 2367 UNIVERSAL INVESTMENTS and FORNOS CORP. were both doing business as EL GALLEGAZO.

12. 2367 UNIVERSAL INVESTMENTS and FORNOS CORP upon knowledge and belief, separately and/or in combination has had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

13. Defendant YEE, is the owner and manager of 2367 UNIVERSAL INVESTMENTS, and exercised operational control over the activities of, corporate Defendants, 2367 UNIVERSAL INVESTMENTS and FORNOS CORP.

14. Defendant YEE, acted directly in the interest of her company, 2367 UNIVERSAL INVESTMENTS. Upon all available information, YEE, controlled the manner in which Plaintiff performed his work, and the pay he was to receive.

15. All Defendants were "employers" of Plaintiff as the term is defined under 29 U.S.C. § 203(d).

16. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

17. Plaintiff is a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked more than forty (40) hours during one of more workweeks within three (3) years of the filing of this complaint.

18. Plaintiff began working for Defendants on or about September 1, 2021, through July 26, 2022, as a chef. His primary duties were cooking food and cleaning the kitchen. Plaintiff did not have independent decision-making authority.

19. Throughout his employment, Plaintiff was misclassified as an exempt employee of Defendants and was not paid for his overtime.

20. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

21. Based on the information currently available to Plaintiff, he was paid a weekly salary of $700.00/week.

22. During the course of his employment, Plaintiff regularly worked around 11-12 hours per day and 6 days a week.

23. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

24. Defendants and their representatives knew that Plaintiff was working overtime, and that federal law requires employees to be compensated at time and one-half per hour for overtime pay.

25. Defendants maintained complete control over the hours Plaintiff worked and the pay he was to receive.

26. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

27. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT I
## VIOLATION OF FLSA/OVERTIME against FORNOS CORP

28. Plaintiff, re-alleges and reaffirms paragraphs 1 through 27 as if fully set forth herein.

29. This action is brought by Plaintiff to recover from Defendant FORNOS CORP unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207 (a)(1) states "[n]o employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

30. Since the commencement of Plaintiff's employment FORNOS CORP has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by having employees working for longer than forty (40) hours without properly compensating them for all hours overtime hours at a rate not less than one- and one-half times their regular rate.

31. Specifically, throughout his employment Plaintiff regularly worked over forty (40) hours during some of the workweeks in which he was employed.

32. FORNOS CORP is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). FORNOS CORP's business activities involve those to which the Fair Labor Standards Act applies.

33. Specifically, FORNOS CORP was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). FORNOS CORP's business activities involve those to which the Fair Labor Standards Act applies.

34. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, or professional employee. Plaintiff performed duties such as cooking food, cleaning his workspace, and did not have decision-making authority.

35. FORNOS CORP has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

36. By reason of the said intentional, willful, and unlawful acts of FORNOS CORP, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

37. Plaintiff seeks to recover for unpaid wages accumulated within three (3) years of the filing of this complaint.

38. As a result of FORNOS CORP's willful violations of the Act, Plaintiff is entitled to liquidated damages.

39. Plaintiff has retained the undersigned counsel to represent he in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from FORNOS CORP.

WHEREFORE, Plaintiff respectfully prays for the following relief against FORNOS CORP:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### VIOLATION OF FLSA/OVERTIME against 2367 UNIVERSAL INVESTMENTS

40. Plaintiff, re-alleges and reaffirms paragraphs 1 through 27 as if fully set forth herein.

41. This action is brought by Plaintiff to recover from Defendant 2367 UNIVERSAL INVESTMENTS unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207 (a)(1) states "[n]o employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

42. Since the commencement of Plaintiff's employment 2367 UNIVERSAL INVESTMENTS has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by having employees

working for longer than forty (40) hours without properly compensating them for all overtime hours at a rate not less than one- and one-half times their regular rate.

43. Specifically, throughout his employment Plaintiff regularly worked over forty (40) hours during some of the workweeks in which he was employed.

44. 2367 UNIVERSAL INVESTMENTS is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). 2367 UNIVERSAL INVESTMENTS's business activities involve those to which the Fair Labor Standards Act applies.

45. Specifically, 2367 UNIVERSAL INVESTMENTS was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). 2367 UNIVERSAL INVESTMENTS's business activities involve those to which the Fair Labor Standards Act applies.

46. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, or professional employee. Plaintiff performed duties such as cooking food and pastries, unloading merchandise, washing the dishes, and did not have decision-making authority.

47. 2367 UNIVERSAL INVESTMENTS has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

48. By reason of the said intentional, willful, and unlawful acts of 2367 UNIVERSAL INVESTMENTS, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

49. Plaintiff seeks to recover for unpaid wages accumulated within three (3) years of the filing of this complaint.

50. As a result of 2367 UNIVERSAL INVESTMENTS' willful violations of the Act, Plaintiff is entitled to liquidated damages.

51. Plaintiff has retained the undersigned counsel to represent he in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from 2367 UNIVERSAL INVESTMENTS.

WHEREFORE, Plaintiff respectfully prays for the following relief against 2367 UNIVERSAL INVESTMENTS:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT III**</u>
**VIOLATION OF FLSA/OVERTIME against YEE**

52. Plaintiff, re-alleges and reaffirms paragraphs 1 through 27 as if fully set forth herein.

53. At the times mentioned, Defendant YEE was, and is now, a corporate officer of corporate

Defendant, 2367 UNIVERSAL INVESTMENTS.

54. YEE was an employer of Plaintiff within the meaning of Section 3(d) of the Fair Labor Standards Act [29 U.S.C. § 203(d)], in that YEE acted directly in the interests of 2367 UNIVERSAL INVESTMENTS and FORNOS CORP. in relation to its employees including Plaintiff.

55. Specifically, YEE is the owner of 2367 UNIVERSAL INVESTMENTS and was in charge of hiring and paying the employees of EL GALLEGAZO, including the Plaintiff. YEE supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

56. YEE had operational control of the businesses and is thus jointly liable for Plaintiff's damages.

57. Defendant YEE willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

58. By reason of the said intentional, willful and unlawful acts of YEE, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

59. As a result of YEE's willful violations of the Act, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant YEE:

    A. Adjudge and decree that YEE has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, MIGUEL MUNIZ demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: September 29, 2022

          **PEREGONZA THE ATTORNEYS, PLLC**
          5201 Blue Lagoon Drive,
          Suite 290
          Miami, FL 33126
          Tel. (786) 650-0202
          Fax. (786) 650-0200

          By: /s/ *Nathaly Saavedra*
          Nathaly Saavedra, Esq.
          Fla. Bar No. 118315
          Email: nathaly@peregonza.com

          By: /s/ *Juan J. Perez*
          Juan J. Perez, Esq.
          Fla. Bar No. 115784
          Email: juan@peregonza.com